IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(NORTHERN DIVISION)

| | |
|---|---|
| **MATTHEW LAURENTO** <br> 280 Seltzer Avenue <br> Coatesville, Pennsylvania 19320 <br><br> *Plaintiff* <br><br> v. <br><br> **MAX FLETCHER KROUSE** <br> 2145 N. Cooper Road <br> Whiteford, Maryland 21160 <br><br> *Defendant* | * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * Case No.: |

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

### PLAINTIFF'S COMPLAINT AND JURY TRIAL DEMAND

NOW COMES, Plaintiff, Matthew Laurento, by and through his undersigned counsel, Anton L. Iamele and IAMELE & IAMELE, LLP, who hereby sues Defendant Max Fletcher Krouse and in support thereof states as follows:

### PARTIES

1. Plaintiff, Matthew Laurento (hereinafter referred to as "Plaintiff Laurento"), is a citizen and resident of the State of Pennsylvania, residing at 280 Seltzer Avenue, Coatesville, Pennsylvania 19320.

2. Defendant, Max Fletcher Krouse, (hereinafter referred to as "Defendant Krouse"), is a citizen and resident of Maryland, residing at 2145 N. Cooper Road, Whiteford, Maryland 21160.

### VENUE AND JURISDICTION

3. This Court has subject-matter jurisdiction over this civil action pursuant to 28 U.S.C. § 1332(a)(1) because the parties are citizens of different States and the amount in controversy

exceeds $75,000, exclusive of interest and costs. As stated herein, Plaintiff Laurento is domiciled in and therefore a citizen of Pennsylvania; Defendant Krouse is domiciled in and therefore a citizen of Maryland.

4. This Honorable Court has personal jurisdiction over Defendant Krouse because he resides within the State of Maryland.

5. Venue is proper in the United States District Court for the District of Maryland (Northern Division), under 28 U.S.C. § 1391, as Defendant Max Fletcher Krouse is a citizen of State of Maryland and because the events or omissions giving rise to the claims occurred in Harford County, Maryland.

## FACTUAL ALLEGATIONS

6. On April 10, 2023, at approximately 5:45 a.m., Plaintiff Laurento was lawfully operating his 2015 Dodge Ram 2500. Plaintiff Laurento was traveling northbound on U.S. Route 1, at or near the T-intersection with Route 24, in Bel Air, Maryland.

7. At the location, Route 1 is comprised of two northbound travel lanes and two southbound travel lanes, separated by a concrete median. There are designated and partitioned lanes for vehicles turning left from southbound Route 1 onto Route 24, as well as vehicles entering southbound Route 1 from Route 24.

8. Plaintiff Laurento lawfully proceeded through the intersection of US Route 1, at Maryland Route 24, with the green signal indication. U.S. Route 1 was the favored roadway (a "boulevard"/through highway) at that intersection. At all times relevant to this Complaint, Plaintiff Laurento enjoyed the right-of-way as he proceeded lawfully with the flow of traffic on Route 1.

9. Defendant Krouse was simultaneously operating a 2011 Ford Escape within the left-hand-turn lane on southbound Route 1, across from the entrance to Route 24.

10. Defendant Krouse attempted to make a left-hand turn onto Route 24 and/or initiated a U-turn from southbound Route 1 to the opposing travel lanes, and/or otherwise proceeded into the intersection without regard to oncoming traffic.

11. Defendant Krouse entered Plaintiff's travel lane on northbound Route, failed to yield the right-of-way to Plaintiff's oncoming vehicle, and otherwise impeded the flow of traffic on northbound Route 1.

12. A violent collision ensued wherein Defendant Krouse's vehicle struck the driver's side of Plaintiff Laurento's vehicle. The force of the collision initiated a loss-of-control event in which Plaintiff Laurento's vehicle entered a skid, was propelled down northbound Route 1, and careened into the concrete median.

13. As a direct and proximate result of the happenings described herein, Plaintiff Laurento suffered serious injuries including, but not limited to, a traumatic brain injury/concussion, with resulting post-concussive symptoms and disabilities.

14. Plaintiff Laurento's causally related injuries are serious and permanent; he has incurred and will continue to incur medical and hospital expenses to care for his causally related injuries.

15. Plaintiff Laurento has further suffered great pain of the body and mind, all of which may be permanent in nature; emotional pain and suffering; and economic losses including, but not limited to, lost wages and lost earning potential.

16. Plaintiff Laurento's injuries, wounds, damages and losses, past, present and future, are, were, and will be due solely to and by reason of the negligence of the Defendant Krouse, without any contributing negligence or want of due care on the part of the plaintiff.

## COUNT I – NEGLIGENCE
*(Matthew Laurento v. Max Fletcher Krouse)*

17. Plaintiff Matthew Laurento re-alleges and incorporates paragraphs 1 through 16 of this Complaint as if fully set forth herein.

18. Defendant Krouse conducted himself in a negligent and careless manner by failing to maintain a proper lookout for other vehicles and then colliding with the vehicle operated by Plaintiff Laurento.

19. At all times relevant hereto, Defendant Max Fletcher Krouse owed continuing duties of care to operate his vehicle in a proper fashion, with due regard to other vehicle operators traveling in around Route 1 and Route 24 in Harford County, including Plaintiff Laurento who was lawfully operating a motor vehicle on Route 1.

20. Defendant Krouse acted in a negligent manner and breached his duties of care by, among other things, initiating an improper turn across traffic, failing to yield to vehicle(s) with established right-of-way, failing to pay proper attention; failing to operate the vehicle at a reasonable speed, operating his motor vehicle recklessly and carelessly, failing to take the reasonable caution to avoid the collision, failing to observe due care and precaution and to maintain proper and adequate control of the motor vehicle, failing to keep a proper lookout for other vehicles lawfully upon the roadway; failing to exercise reasonable care in the operation of the motor vehicle under the circumstances then and there existing; failing to observe and obey traffic control devices; and in other respects not known to Plaintiff Laurento, but which may become known prior to or at the time of trial.

21. As a direct and proximate result of Defendant Krouse's negligence, Plaintiff Laurento suffered serious injuries, including but not limited to those articulated herein; has incurred and will continue to incur medical and hospital expenses in an effort to care for his injuries; has

suffered great pain of the body and mind; and was prevented and will continue to be prevented from performing his normal daily activities and obtaining the full enjoyment of life, all of which may be permanent in nature.

22. At all times relevant to this Complaint, Plaintiff Laurento was free from any negligence or contributory negligence.

WHEREFORE, Plaintiff, Matthew Laurento hereby requests that this Honorable Court: (A) Award him actual, compensatory, and consequential damages, in excess of $75,000.00 but in an amount to be determined at trial, against Defendant Max Fletcher Krouse; (B) Award him taxable costs incurred for pursuing this action; and (C) Award such other and further relief as this Court may deem to be just and appropriate.

Respectfully submitted,

IAMELE & IAMELE, LLP

_____/s/ Anton L. Iamele_____
Anton L. Iamele, Fed Bar No. 14845
201 North Charles Street, Suite 1802
Baltimore, Maryland 21201-4111
Telephone: 410-779-6160
Facsimile: 410-779-6161
aiamele@iamelelaw.com
*Attorney for Plaintiff, Matthew Laurento*

### PRAYER FOR JURY TRIAL

Plaintiff requests that all issues triable by jury herein be decided by way of a jury trial.

_____/s/ Anton L. Iamele_____
Anton L. Iamele